THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO

FILED cw

19 JUL -3 PM 3: 15

RICHARD JONES
CLERK OF COURT
U.S. BANKRUPTCY COURT
CINCINNATI, OHIO

IN RE:

Carlean Dates

Creditor/Debtor(s)/Appellant.

Case No. 1:18-bk-14602
Adv. Proc. No: 1:19-ap-01011

**Notice/Demand/Motion for New Trial For Temporary Restraining Order Under Federal Rule of Civil Procedure Rule 59(a) and Federal Rule of Bankruptcy Procedure 9023 denied by the Court on June 19, 2019 and Conditional Acceptance of Order of June 19, 2019 Under Proof of Claim**

By and for carlean: date entitlement holder, for CARLEAN DATES estate demand a new trial for

Temporary Restraining Order and states the following:

VERDICT IS AGAINST THE WEIGHT OF EVIDENCE

1. The order stated it should be on its merits and never verified that there is evidence of a clean chain of title.

2. There is no evidence that HSBC BANK and JOHN D CLUNK has a right to enter this bankruptcy as a creditor.

NEWLY DISCOVERED EVIDENCE

3. The Hamilton County Cincinnati Water Works states U. S. Bank is the owner of the property in the adversary complaint and not HSBC BANK

CONDITIONAL ACCEPTANCE UNDER PROOF OF CLAIM

4. Carlean: dates conditional accept your order on June 19, 2019 by the court under proof of claim that:

*Private-Priority!!*

    i. That the promissory note and mortgage in the Adversary complaint is not a gift from the estate of CARLEAN DATES and makes carlean: dates the original issuer the creditor based on IRS Manual 6209 code 5 classification of the promissory note and mortgage as a gift

    ii. That HSBC has filed with the IRS a 1099-OID and 8281 Irs form showing they are the original source of the funds for the promissory note and mortgage in the Adversary Complaint connected to Carlean: dates for the property commonly known as 12062 Hazelhurst Drive Cincinnati, Ohio.

    iii. Proof of Claim that carlean: dates is not the beneficial owner and entitlement holder of the securities (promissory note and mortgage) in the adversary complaint.

5. Wherefore, there is no evidence before the court that HSBC has a clean chain of title and is a creditor the order of June 19, 2019 must be reversed. This order would be a taxable event and as credit a demand that this court file a 1099-A; 1099-C; 1099-OID and 8281 IRS form showing CARLEAN DATES estate as the original source of the funds for the promissory note and mortgage in the adversary complaint.

/s/ CARLEAN DATES
CARLEAN DATES

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. (28 USCA 1746(1) without the United States) on 3 day of July , 2019

Without Prejudice
By carlean dates Non Assumpsit
carlean: dates, entitlement holder
All Rights Reserved

## CERTIFICATE OF SERVICE

On  3  day of,  July , 2019, the undersigned, served a copy of the DESIGNATION OF RECORD by U.S. MAIL to the following parties:

George P. Leicht
PO Box 602
Batavia, OH 45103

U.S. TRUSTEE
36 EAST 7TH ST. SUITE 2030
CINCINNATI, OHIO 45202

HSBC BANK USA NA as trustee Mortgage
P.O. Box 619096
Dallas, TX, 75261-9741

JOHN CLUNK--SUITE400
4500 COURTHOUSE BLVD
STOW, OHIO 44224

Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

/s/ CARLEAN DATES
CARLEAN DATES

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. (28 USCA 1746(1) without the United States) on  3  day of  July , 2019

By: _Carlean dates-Non assumpsit_ on  3  day of  July , 2019
Submitting Party entitlement holder-- carlean: dates

*[handwritten at top:] without united States*

*[handwritten at bottom:] By carlean-datis-Non assumpsit without united States*

Case 1:19-ap-01011 Doc 51 Filed 07/03/19 Entered 07/05/19 15:14:25 Desc Main
Document Page 5 of 9

This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

IT IS SO ORDERED.



Beth A. Buchanan
United States Bankruptcy Judge

Dated: June 19, 2019

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-14602 |
| CARLEAN DATES | Chapter 7 |
| Debtor | Judge Buchanan |
| CARLEAN DATES | Adv. No. 19-1011 |
| Plaintiff | |
| v. | |
| HSBC BANK USA, NA, AS TRUSTEE, IN TRUST FOR THE CERTIFICATE HOLDER OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-FM2, ASSET-BACK PASS-THROUGH CERTIFICATES, ET AL. | |
| Defendants | |

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OF HSBC BANK USA, N.A., AS TRUSTEE AND JOHN D. CLUNK CO. LPA DURING PENDING APPEAL ON ADVERSARY COMPLAINT [Docket Number 40]**

This matter is before this Court on the *Motion for Temporary Restraining Order of HSBC Bank USA NA as Trustee and John D Clunk Co LPA During Pending Appeal on Adversary Complaint* [Docket Number 40] (the "Motion") filed by Plaintiff Carlean Dates ("Plaintiff").

Plaintiff has appealed this Court's *Memorandum Decision: (1) Granting HSBC Bank USA, N.A., as Trustee's Motion to Dismiss Adversary Complaint; (2) Granting Defendant, The Law Offices of John D. Clunk Co., LPA's Motion to Dismis; -And- (3) Dismissing Adversary Complaint* [Docket Number 28], and this Court's *Order of the Court: (1) Granting HSBC Bank USA, N.A., as Trustee's Motion to Dismiss Adversary Complaint; (2) Granting Defendant The Law Offices of John D. Clunk Co., LPA's Motion to Dismiss; -And- (3) Dismissing Adversary Complaint* [Docket Number 29]; *see also* [Docket Numbers 32 and 33].

This Court construes Plaintiff's Motion as a request for a stay pending appeal. Thus, Plaintiff's Motion is governed by Rule 8007 of the Federal Rules of Bankruptcy Procedure.

Under Sixth Circuit law, this Court must balance four factors when deciding whether a stay should issue: (1) whether the applicant has demonstrated a strong or substantial likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *Baker v. Adams County/Ohio Valley School Bd.*, 310 F.3d 927, 928 (6th Cir. 2002); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Plaintiff, as the movant, bears the burden of establishing by a preponderance of the evidence that it is entitled to a stay pending appeal. *See Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012).

This Court finds that the first factor, likelihood of success on the merits, weighs against granting a stay pending appeal. A stay applicant is required to show, at a minimum, serious

questions going to the merits. *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F.2d 855, 859-60 (6th Cir. 1992). The present Motion does not meet this standard. The order on appeal is the dismissal of Plaintiff's *Complaint to Determine the Extent and Validity of Lien on Real Property, for Fraud and Conditional Acceptance Under Proof of Claim*. Plaintiff's asserted claims for relief in this case are substantively the same as the claims she raised in the complaint she filed in an adversary proceeding initiated in Plaintiff's prior bankruptcy case. See Bankr. Case Number 16-12410; Adversary Proc. Case Number 16-1052. In that prior adversary proceeding, this Court found that Plaintiff's claims were precluded by the state court determination that HSBC Bank USA, N.A., as Trustee, in trust for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-FM2, Asset Backed Pass-Through Certificates ("HSBC") holds a valid lien against Plaintiff's residential property. See Docket Number 28. Plaintiff appealed this Court's prior decision to the United States District Court for the Southern District of Ohio. See Case Number 17-cv-634. That appeal was dismissed for failure to prosecute. See Case No. 17-cv-634, Docket Number 4. Given that the issues Plaintiff seeks to raise on appeal have been previously adjudicated with an opportunity to appeal, the likelihood of success on the merits weighs against granting a stay pending appeal.

The second factor requires this Court to consider whether Plaintiff will be irreparably harmed if a stay is not granted. Plaintiff does not specify in her Motion precisely what actions she seeks to have stayed. Nor does she argue that she will be irreparably harmed if a stay pending appeal is not granted. Rather, Plaintiff simply restates her prior position that HSBC does not hold a valid lien against her residential property. As such, Plaintiff has not met her burden to establish irreparable harm if the stay is not granted.

The third consideration is whether other interested parties—in this case, HSBC[1]—will be substantially injured by the granting of the stay. Again, Plaintiff has not articulated the scope of the requested stay. To the extent Plaintiff is seeking to stay HSBC's enforcement of its state court rights under the note and mortgage, this Court notes that HSBC received relief from stay pursuant to 11 U.S.C. § 362(d)(4) in Plaintiff's prior bankruptcy proceeding. See Bankr. Case Number 18-13150, Docket Number 26 entered on October 9, 2018. Relief from stay pursuant to 11 U.S.C. § 362(d)(4) entitles HSBC to in rem relief from stay as relates to Plaintiff's residence for two years from entry of the order granting relief—meaning that HSBC can pursue its state court remedies against the property regardless of any intervening bankruptcy filings by Plaintiff (or any other party asserting an interest in the property). Plaintiff did not appeal the order granting HSBC relief from stay. HSBC is entitled to rely on the finality of that order and would be substantially harmed by a stay being issued in this proceeding pending Plaintiff's appeal.[2] Accordingly, this factor also weighs against granting a stay pending appeal.

Finally, this Court looks to the public interest. There is a public interest in preventing debtors from using the bankruptcy process to create undue delay. *See In re Skymark Properties II, LLC*, 597 B.R. 619, 626 (Bankr. E.D. Mich. 2019); *Mich. First Credit Union v. Smith (In re Smith)*, 501 B.R. 332, 337 (Bankr. E.D. Mich. 2013). Given the likelihood that Plaintiff will not prevail on the merits of the appeal, granting a stay would cause a further delay that is not in the public interest.

---

[1] It is unclear what relief, if any, Plaintiff seeks against John D. Clunk and/or John D. Clunk Co. LPA in Plaintiff's complaint and is similarly unclear what actions she seeks to stay as to these parties by her Motion.

[2] HSBC, John D. Clunk and John D. Clunk Co. LPA should also be entitled to rely on the finality of the orders dismissing Plaintiff's complaint/order granting judgment on the pleadings entered in Bankr. Case Number 16-12410; Adversary Proc. Case Number 16-1052 and would be substantially harmed by granting a stay that may impinge on their actions taken in reliance on those final and now non-appealable orders.

Case 1:19-ap-01011    Doc 51    Filed 07/03/19    Entered 07/05/19 15:14:25    Desc Main
Document      Page 9 of 9

Plaintiff has failed to carry her burden of showing that a stay pending appeal would be appropriate. Accordingly, the Motion is hereby DENIED.

**SO ORDERED.**

Distribution List:

    Carlean Dates
    12062 Hazelhurst Drive
    Cincinnati, OH 45240

    David A Wallace, Esq.

    LeAnn E Covey, Esq.

Case 1:19-ap-01011    Doc 51    Filed 07/03/19    Entered 07/05/19 15:14:25    Desc Main
Document      Page 9 of 9